IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3128 |
| vs. | MEMORANDUM AND ORDER |
| JENONE GREGG ALLEN, | |
| Defendant. | |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation on a Guilty Plea (filing 32) recommending that the Court accept the defendant's plea of guilty. There are no objections to the findings and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record and adopts the findings and recommendation of the Magistrate Judge.

The Court notes that the defendant was not expressly informed at the change of plea hearing (filing 40) that he had the "right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding." *See* Fed. R. Crim. P. 11(b)(1)(D). But while the defendant was not expressly informed at his change of plea about his right to counsel, he was asked in his petition to enter a plea of guilty whether he understood that he had "the right to an attorney at all stages of the proceedings, and, if you cannot afford to pay an attorney, one will be appointed to represent you." Filing 30 at 2. He indicated he understood. Filing 30 at 2. And the defendant testified at the change of plea hearing that he had read each question in the petition, with the assistance of counsel, and that he had answered each question truthfully and that his answers had been recorded correctly. Filing 40 at 4. He was also advised at his initial appearance that he

had the right to counsel and if he could not afford counsel, counsel would be appointed for him at no cost to him. Filing 10. He indicated he understood. Filing 10. (And, of course, counsel *was* appointed for him. Filing 12.)

The Court is convinced, from the record as a whole, that the defendant had a sufficient understanding of his right to counsel. Therefore, the Court is persuaded that any omission from the Rule 11 colloquy was harmless, as it did not affect the defendant's substantial rights. *See* Rule 11(h); *United States v. Garrett,* 163 F.3d 603 (8th Cir. 1998); *see also United States v. Vonn,* 535 U.S. 55, 74-76 (2002). The defendant's decision to plead guilty could not have been affected by the Magistrate Judge's failure to tell the defendant what he already knew. *United States v. Young,* 927 F.2d 1060, 1063 (8th Cir. 1991). The Court also notes that neither party has objected to the findings and recommendation, meaning that any objection has been waived. *See Peretz v. United States,* 501 U.S. 923, 936-39 (1991). Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation on a Guilty Plea (filing 32) are adopted.

2. The defendant is found guilty. The plea is accepted. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea.

3. The Court defers acceptance of any plea agreement until the time of sentencing, pursuant to Fed. R. Crim. P. 11(c)(3). Unless otherwise stated at the time of sentencing, any plea

agreement will be deemed accepted upon the pronouncement of the judgment and sentence.

4. This case shall proceed to sentencing.

Dated this 28th day of March, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge